WISE, Judge,
dissenting.
I respectfully dissent from the majority opinion reversing Hand’s conviction and remanding this case for the circuit court to vacate Hand’s conviction and sentence. In my opinion, the State did not amend the indictment to charge a new offense. Rather, I agree with the State that § 32-8-13(2) and § 32-8-13(3), Ala.Code 1975, provide alternative methods of proving the same offense, namely, the willful failure to timely deliver a certificate of title. Certainly, the Alabama Uniform Certificate of Title and Antitheft Act, of which § 32-8-13 is a part, was enacted “to prevent motor vehicle thefts” and that “[t]he overall plan of the Act shows exclusive attention to maintaining records of the identity and ownership of vehicles.” Treadwell Ford, Inc. v. Campbell, 485 So.2d 312, 318 (Ala.1986). Given that both complaints charged Hand with failing to timely deliver a certificate of title, it logically follows that § 32-8-13(2) and § 32-8-13(3) are alternative methods of proving the same offense. In my opinion, because no change in the offense occurred, the trial court did not err in allowing the State to amend the complaint. See Rule 13.5, Ala.R.Crim.P. Moreover, given that Hand’s remaining claims appear to be procedurally barred, I would affirm Hand’s conviction and sentence. Therefore, I must dissent.